[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case presents the question of the extent to which lease provisions purporting to limit a landlord's liability may be used by the landlord as special defenses in a personal injury action brought by the tenant.
The minor plaintiff alleges in his complaint that on March 1, 1988, he was playing in the rear yard of a house in Naugatuck owned by the defendants when he fell through a basement hatchway, alleged to have been improperly maintained, and suffered various injuries. The defendants in their answer raise two special defenses (the third and fourth contained in their answer) involving two separate provisions of a lease signed by the plaintiff's mother. One provision (16 of the lease) is prefaced by the heading "No liability." It provides in relevant part that, "Unless it results from something you or your agents, servants or employees did or failed to do, you (Landlord) shall not be liable for injury or damage to: (i) me (Tenant) (ii) a member of my family." The second relevant provision (37 of the lease) states that, "Children shall always be supervised on porches. We are not responsible for accidents on premises, either on swings or porches, etc." There is no allegation that the accident in question here occurred on either a swing or a porch. The plaintiffs have moved to strike both special defenses based on these lease provisions based on Conn. Gen. Stat. 47a-4.
Conn. Gen. Stat. 47a-4 provides in relevant Part that, "(a) A rental agreement shall not provide that the tenant . . . (3) agrees to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or the costs connected therewith" and "(b) A provision prohibited by subsection (a) of this section included in a rental agreement is unenforceable."
The lease provisions relied upon in the defendants' third and CT Page 8392 fourth special defenses manifestly attempt to exculpate the landlord or limit his liability. It is true, as the defendants pointed out at oral argument, that these provisions are capable of being read in a way that gives the landlord no special rights under the law. Thus, 16 supports not to apply to things that the entity "you landlord" did or failed to do. Likewise, 37 holds the landlord "not responsible for accidents," which arguably refers only to accidents in the true sense of the word not involving negligence, and imposes upon the tenant an affirmative duty to supervise children on porches. This argument, however, burdens on sophistry. The only purpose of the lease provisions in question is to limit the landlord's liability, and the only purpose of invoking them as special defenses is an attempt to destroy or limit liability. In any event, with respect to 37 of the lease, there is no allegation that the accident in any way involved a porch. The legislature has declared in plain English that any lease provision attempting to limit a landlord's liability is unenforceable.
The plaintiff's motion to strike the third and fourth special defenses is, therefore, granted.
Dated at Waterbury this 4th day of October, 1991.
JON C. BLUE JUDGE OF THE SUPERIOR COURT